UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARCHIE ATKINS, | } |
| | } |
|     Petitioner, | } |
| | } |
| v. | }   Case Nos.:   2:13-cv-08048-RDP |
| | }                         2:11-cr-00074-RDP-HGD. |
| UNITED STATES OF AMERICA, | } |
| | } |
|     Respondent. | } |

**MEMORANDUM OPINION**

This matter is before the court on Petitioner Archie Atkins's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. #1). The Government has responded to the Motion (Doc. # 3). Atkins has replied (Doc. # 6), and amended his Motion (Docs. # 7 and 8). The Government has responded to the amended motion (Doc. # 8), and Atkins has again replied (Doc. # 10).

**I.    Background**

On May 3, 2010, at about 11:25 a.m., Atkins and co-defendant Arthur Terrell Williams robbed an individual employed by Birmingham Armored, Inc., as he was walking to his armored vehicle. The victim had just picked up U.S. Currency and checks totaling $153,990.09 ($52,288.74 in U.S. Currency and $101,701.35 in checks) from the Jefferson County Department of Revenue Satellite Office and was transporting it to Regions Bank for deposit. Atkins and Williams took the two money bags from the victim at gunpoint. Atkins and Williams tried to physically force the victim into a 2006 Ford Taurus, AL Tag # 14635AN, that was being driven by defendant Darrell Wilkins. The victim resisted, and as a result, defendant Williams took the

victim's duty weapon, a Glock 9mm semi-automatic pistol, from the victim's holster. Williams testified under oath at Atkins's trial that both he and Atkins possessed guns during this robbery and that Atkins actually pointed his gun at the victim during the robbery. (2:11-CR-74-RDP Doc. # 98 at 221-231).

Atkins pleaded not guilty to committing a Hobbs Act robbery of an armored car driver and brandishing a firearm during the commission of this crime of violence. He also pleaded not guilty to being felon in possession of ammunition several days after the robbery occurred. A jury returned guilty verdicts against Atkins on all three counts.   (Doc. # 47).

## II.     Procedural History

Attorney Scott Brower represented Atkins during the trial phase. The court sentenced Atkins on January 5, 2012, and Judgment was entered on January 9, 2012. (Doc. # 90). Atkins appealed (Doc. # 91).    Attorney Susan James represented Atkins during the sentencing hearing and on appeal.   The Eleventh Circuit Court of Appeals affirmed the conviction on March 8, 2013.   (Doc. # 103).   On November 4, 2013, Atkins filed the current Motion under 28 U.S.C. § 2255.

In his initial Motion, Atkins claims his counsel were ineffective in four ways: (1) his trial attorney failed to object to certain persons being selected to serve on the jury, (2) his sentencing and appellate attorney failed to raise an issue based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), regarding the brandishing of a firearm (3) his appellate attorney failed to appeal an objection to his sentencing guidelines calculation; and (4) his sentencing and appellate attorney failed to raise an issue based on *Alleyne* regarding his criminal history point calculation.   (Doc. # 1).

2

In his amended Petition, Atkins claims that he deserves a new trial based upon *United States v. Davis*, 2014 WL 25099917 (11th Cir. Jun. 11, 2014). All four of Movant's additional claims revolve around the finding in *Davis* that, from the date of the decision moving forward, a search warrant is necessary to obtain cell location site information from a defendant's cell phone provider.

**III.   Discussion**

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without personal jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255, ¶ 1.  It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Here, Petitioner seeks relief on the ground that he received ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims.  Both prongs of the test must be met for Petitioner to succeed.  *Id.* at 687.  First, Petitioner must show that counsel's performance was deficient, *i.e.*, the performance was outside the range of professionally competent assistance.  *Id.*  The proper measure of an attorney's performance is "reasonableness under prevailing professional norms."  *Id.* at 688.  Unless a petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance," he cannot show that counsel's performance was constitutionally deficient. *Id.* at 689. "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. [The court asks] only whether some reasonable lawyer … could have acted, in the circumstances, as defense counsel acted …." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992); *see also Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance").

Second, Petitioner must establish prejudice, such that there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Because Petitioner must meet both parts of the test, the court need not address the performance prong if Petitioner cannot meet the prejudice prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

### A.      Failure to Strike Certain Jurors

Atkins first argues that his trial counsel was ineffective for failing to strike certain venire members from the jury based upon their affiliation with Regions Bank. During the jury selection process, the court asked the panel if any of them had a current or past banking relationship with Regions Bank. Sixteen of the potential jurors answered affirmatively. (Doc. # 97, pp. 36-39). Five of those individuals served on the jury.

In examining an attorney's performance during jury selection, this court must begin with the strong presumption that trial counsel acted properly and that his jury selection decisions were sound trial strategy. *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1245 (11th Cir. 2011)

(recognizing that trial counsel's actions during voir dire are presumed to be reasonable); *Manning v. State*, 373 F. App'x 933, 935 (11th Cir. 2010) (affirming dismissal of ineffective-assistance-of-counsel-claim when counsel failed to strike juror who did in fact express a bias on ground that petition failed to establish prejudice). To overcome this presumption, Atkins bears the burden of demonstrating that trial counsel's actions were so unreasonable that no competent attorney would have taken the actions that trial counsel took. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). Atkins has failed to meet this burden.

Atkins presumes that a person who had a relationship with Regions Bank was a "related victims" and would have been biased against him. (Doc. # 1 at 4). This argument is without merit. The funds at issue were stolen from a courier transporting the funds from the Jefferson County Department of Revenue Satellite Office to Regions Bank for deposit. There was no legal justification for movant's counsel to move to strike all sixteen of these prospective jurors for cause. And the fact that counsel chose to use his peremptory challenges on people other than these five jurors was a reasonable tactical choice that trial counsel are called upon to make. Atkins has failed to establish that trial counsel's decision to not strike these jurors was a decision and action that no competent counsel would have made or taken. Furthermore, he has not come close to establishing prejudice on this claim. Therefore, his Motion is due to be denied on this claim.

      **B.**    **Failure to Raise an Issue Based Upon *Alleyne v. United States***

In his second claim, Atkins asserts that his attorney was constitutionally ineffective for failing to argue that the court could not sentence him to a mandatory minimum sentence of seven

5

years for brandishing a firearm, when he was not charged in the indictment with brandishing and when the jury did not find him guilty of brandishing. In his fourth claim, Movant claims that his attorney was constitutionally ineffective for failing to object to his criminal history point calculation based upon movant being on probation during the commission of the instant offense. To support each of these claims, Atkins relies upon *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The claims fail for at least two reasons.

First, the Supreme Court issued its opinion in *Alleyne* on June 17, 2013, *after* Atkins's conviction and sentence had been affirmed on appeal. The Eleventh Circuit has held that the Supreme Court's decision in *Alleyne* does not apply retroactively on collateral review. *See Jeanty v. Warden, FCI–Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014) ("*Alleyne* does not apply retroactively on collateral review."). Therefore, to the extent Atkins's Motion is based on *Alleyne*, it is due to be denied.

Additionally, even if *Alleyne* were applied retroactively, that decision has no potential impact on Atkins's fourth claim. Whether a defendant was on probation during the commission of the instant offense for purposes of calculating his criminal history category simply was not an issue addressed by the Court in *Alleyne*. In addition, this sentencing guideline calculation is not subject to proof to a jury. Prior convictions are still an exception to the rule of *Apprendi*. *See Alleyne*, 133 S. Ct. at 2160 n.1 (declining to revisit the prior-conviction exception to *Apprendi*) (citing *Almendarez-Torres v. United States*, 523 U.S. 244, 118 S. Ct. 1219 (1998)).

### C.     Failure of Appellate Counsel to Raise a Sentencing Issue on Appeal.

In his third claim, Atkins argues that his appellate counsel was ineffective for failing to raise the issue of the enhancement of his sentence based upon U.S.S.G. § 2B3.1(6). That section

allows for an increase of 1 level if a firearm was taken during the robbery. In response to the Presentence Investigation Report, movant's counsel objected to enhancement. The court addressed that objection during the sentencing hearing, specifically noting that evidence was proffered during the trial which justified the enhancement.

Counsel is not ineffective when he fails to raise a frivolous argument on appeal. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Stated otherwise, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Neither does the Sixth Amendment require appellate advocates to raise every non-frivolous issue. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

Because "experienced advocates ... have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues[,] ... it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues." *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009). Appellate counsel's choice to focus on one stronger argument is by no means unreasonable. Moreover, Atkins cannot establish prejudice. To make a showing on prejudice, he must show that "the neglected claim would have a reasonable probability of success on appeal." *Heath*, 941 F.2d at 1131. Here, Movant cannot establish prejudice because there was sufficient evidence showing that the victim's firearm was taken during the robbery. Choosing to not appeal this issue did not render counsel's performance constitutionally ineffective. Therefore, to the extent Atkins's Motion is based on his third claim, it is due to be denied.

D.     Atkins's Amended § 2255 Motion

Atkins raises four new claims of relief in his Amended Motion: (1) and (2): he deserves a new trial because the Government used cell site location information at trial without first obtaining a search warrant; (3) ineffective assistance of trial counsel for failing to file a motion to suppress the cell site location information; (4) ineffective assistance of appellate counsel for failing to raise this same issue on appeal.

Atkins bases this argument on the Eleventh Circuit's June 2014 decision in *United States v. Davis*. In that decision, the Eleventh Circuit held, as a matter of first impression, that a provision of the Stored Communications Act (SCA) which allowed the government to obtain cell site location information without showing probable cause violated a defendant's Fourth Amendment rights. *United States v. Davis*, 754 F.3d 1205 (11th Cir.), reh'g en banc granted, opinion vacated, 573 F. App'x 925 (11th Cir. 2014), and on reh'g en banc in part, 785 F.3d 498 (11th Cir. 2015), cert. denied, 136 S. Ct. 479, 193 L. Ed. 2d 349 (2015).  That decision, however, not only had not been issued even when Atkins was tried and sentence, but also has now been reheard and vacated.

On rehearing, the full Eleventh Circuit held that "compelling the production of a third-party telephone company's business records containing historical cell tower location information" does not violate Fourth Amendment rights and is not unconstitutional. *United States v. Davis*, 785 F.3d 498, 500 (11th Cir.), cert. denied, 136 S. Ct. 479, 193 L. Ed. 2d 349 (2015).  Such an order does not constitute a search, and even if it was a search, obtaining the records without a warrant was reasonable. *Davis*, 785 F.3d at 500.  As Judge Pryor explained in his well-reasoned concurrence, "a court order compelling a telephone company to disclose cell

8

tower location information would not violate a cell phone user's rights under the Fourth Amendment even in the absence of the protections afforded by the Stored Communications Act" because there is no legitimate expectation of privacy in the information.  *Davis*, 785 F.3d at 519.  The information is simply a record of calls made, after the fact, which happens to contain location information voluntarily conveyed to the provider by the subscriber when calls are placed that were routed through nearby cell towers.

Both trial and appellate counsel acted reasonably at the time they represented Atkins on these issues.  Therefore, to the extent Atkins's Motion is based on the now-vacated *Davis* decision, it is due to be denied.

**IV.    Conclusion**

For all of these reasons, Atkins's ineffective assistance of counsel claims fail on the merits.   A separate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this order upon Petitioner.

**DONE** and **ORDERED** this June 20, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE